**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **AMY SUZANNE PEARSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CIV–21–274–JAR** |
| | ) | |
| **KILO KIJAKAZI,** | ) | |
| **Acting Commissioner of the** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Plaintiff Amy Suzanne Pearson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only

unable to do his previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

**Claimant's Background**

The claimant was forty-two years old at the time of the administrative hearing. (Tr. 31). She possesses at least a high school education and is able to communicate in English (Tr. 32). She has worked as a food sales clerk, hotel clerk, and commercial or institutional cleaner. (Tr. 31). Claimant alleges that she has been unable to work since February 21, 2019, due to limitations resulting from manic depressive disorder, bipolar disorder, panic disorder, paranoid schizophrenia, lower lumbar paint, and anxiety. (Tr. 288).

**Procedural History**

On February 21, 2019, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. After an administrative hearing, Administrative Law Judge Michael Mannes ("ALJ") issued an unfavorable decision on July 1, 2020. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He

determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) improperly evaluating the medical opinion evidence, (2) improperly evaluating the consistency of Claimant's complaints, and (3) failing to perform a proper step-five determination.

**Consideration of Medical Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of depressive, bipolar, and related disorders; anxiety and obsessive-compulsive disorders; and dysfunction of major joints. (Tr. 22). The ALJ concluded that Claimant retained the RFC to perform light work. Specifically, the ALJ found that Claimant can occasionally climb ramps or stairs, stoop, kneel, crouch, or crawl but can never climb ladders, ropes, or scaffolds. Claimant can frequently balance. Further, Claimant can understand, remember, and carry out simple instructions. Although the ALJ found that Claimant should have no interaction with the general public, Claimant can occasionally interact with supervisors and coworkers. Claimant can respond to changes in routine work so long as they are gradually introduced. Lastly, the ALJ found that Claimant's time off task would be accommodated by normal work breaks. (Tr. 26).

After consultation with a vocational expert, the ALJ found that Claimant could perform the representative jobs of routing clerk, mail clerk, and inspector

and hand packager. (Tr. 32). As a result, the ALJ found Claimant has not been disabled since February 21, 2019, the date the application was filed. (Tr. 34).

Claimant contends that the ALJ did not properly consider and discuss the medical evidence presented by state reviewing physicians, Dr. Joan Holloway and Dr. Jason Gunter; treating physician, Dr. Theresa Farrow; and consultative physician, Dr. Kathie Ward. Specifically, Claimant argues that the ALJ improperly substituted his own medical conclusion in finding that Claimant was not limited to one to two step tasks in direct contradiction with the opinions of the state reviewing physicians.

For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under these rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors. See 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors are: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c),

416.920c(c). Generally, the ALJ is not required to explain how the other factors were considered. See 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Supportability and consistency are the most important factors in evaluating the persuasiveness of a medical opinion and the ALJ must explain how both factors were considered. See 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The supportability factor examines how well a medical source supported their own opinion with "objective medical evidence" and "supporting explanations." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor calls for a comparison between the medical opinion and "the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); see also *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the

parts that are favorable to a finding of nondisability"). If he rejects an opinion completely, the ALJ must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

Here, the ALJ found the opinions of state reviewing psychologist, Dr. Holloway and Dr. Gunter, to be "generally persuasive." (Tr. 30). Despite this, the ALJ did not adopt the functional limitation assigned by both psychologists. Dr. Holloway and Dr. Gunter both opined that Claimant should be limited to one to two step tasks. (Tr. 140, 157). The ALJ came to this conclusion by finding that the records from Claimant's treating physician were inconsistent with the one to two step task limitation. (Tr. 30).

Dr. Farrow completed a medical opinion form based on her observations as Claimant's treating physician. Although she did not state with specificity a functional limitation with respect to the complexity of tasks that Claimant could perform, Dr. Farrow did opine that Claimant could not maintain attention and concentration for extended periods. (Tr. 30). The ALJ found Dr. Farrow's opinion to likewise be unpersuasive specifically discounting Dr. Farrow's opinion pertaining to Claimant's concentration by finding it inconsistent with Dr. Farrow's own treatment notes reporting "fair concentration." (Tr. 30). For this same reason, the ALJ found Dr. Holloway and Dr. Gunter's limitation on complexity of tasks to be inconsistent with medical records. (Tr. 30).

This Court cannot be assured that the ALJ's decision was guided by the objective medical evidence rather than his own personal opinion and medical knowledge. Clearly, an ALJ cannot substitute his own medical opinion for that

of a medical professional. *Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996). In rejecting the conclusions of three physician's it is clear to this Court that the ALJ substituted is own medical opinion for that of qualified medical professionals. On remand, the ALJ shall provide specific, legitimate reasons for rejecting the medical opinion evidence of Dr. Holloway, Dr. Gutner, and Dr. Farrow.

Claimant further argues that the ALJ erred in considering Dr. Ward's opinion. Clamant specifically contends that the ALJ concluded Claimant would not suffer any limitations due to her bipolar manic disorder in contradiction to Dr. Ward's opinion that Claimant's bipolar disorder would result in work-related impairments. Although this Court will not address this argument at this time, on remand the ALJ should re-evaluate his consideration of Dr. Ward's opinion to be sure it conforms with applicable standards. Given that this Court is reversing on the ALJ's improper consideration of medical evidence, it need not address the additional arguments at this time.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case be **REMANDED** for further proceedings.

**DATED** this 27th day of March, 2023.

**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**